LOUIS W. VOIGHT V. THOMAS C. EDWARDS.
No. 15,047   (90 Pac. 1134.)

Error from Atchison district court; BENJAMIN F. HUDSON, judge.  Opinion filed May 11, 1907.  Affirmed.

*Waggener, Orr & Challiss,* for plaintiff in error.
*C. D. Walker,* and *J. L. Berry,* for defendant in error.

*Per Curiam:* Edwards shipped from Texas a car-load of strawberries containing five hundred and twenty crates, which he claimed to have sold Voight at two dollars per crate.  Two hundred and eighty crates were consigned to one Cope at Topeka, according, as Edwards claims, to Voight's directions.

Voight claims that he did not purchase the berries, but they were consigned to be sold on commission.  Demand for payment at the alleged purchase-price having been refused, Edwards brought suit therefor in the district court of Atchison county.  The case was tried without a jury, and the court made special findings of fact favorable to Edwards and rendered judgment in his favor for the full amount claimed.  Voight brings the case here.

The evidence shows that the communications between the parties in regard to the berries were in part a conversation or conversations and in part telegrams exchanged which were so abbreviated as to render their meaning uncertain without

explanation. The evidence as to the purport of the conversations is conflicting. Much also depends upon the weight to be given to the explanation made by Voight of the last telegram sent to him by Edwards on the day of the shipment and his reply telegram thereto.

The telegrams prior to the last two exchanged before the shipment can hardly be so construed as to constitute a contract, either of purchase or for a consignment of the berries to be sold on commission. On the day of the shipment, April 22, 1905, Edwards wired Voight as follows: "Two hundred eighty Atchison; two hundred forty, Topeka. Very few Thompsons. Wire two dollars per crate. See letter." Thereafter, on the same evening, Voight wired Edwards as follows: "Have money at Tyler. Will send you draft Monday."

The circumstances unexplained would indicate that these telegrams relate to the car of berries in question, and that Edwards understood he was selling them for two dollars cash per crate; and the return telegram sent Saturday evening would indicate that Voight had the same understanding, and that he promised to remit the purchase-price on the Monday following. In other words, this evidence tends to prove that the minds of the parties met and a contract of sale and purchase was then consummated or then ratified.

On the other hand, Voight testifies that he was indebted to Edwards on a former shipment of berries made to St. Joseph, and that his telegram related to the payment of that indebtedness. His evidence apparently was given in a halting manner, and it was the province of the trial court to weigh it.

There are several assignments of error, but they all turn upon the question of fact, Did the minds of the parties meet in the consummation of the contract of purchase and sale sued on? If so, Edwards was entitled to recover; otherwise he was not. If the court had estimated the weight of the evidence differently and found in favor of Voight we could not say there was no evidence to support such finding. There is evidence to support the finding made, and the judgment is affirmed.